UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUBEN ROY, ET AL.                                              CIVIL ACTION

VERSUS                                                         NO. 15-196-BAJ-RLB

ARDENT COMPANIES, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 5, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RUBEN ROY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-196-BAJ-RLB** |
| **ARDENT COMPANIES, INC., ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiffs' Motion to Remand. (R. Doc. 9). The motion is opposed. (R. Docs. 12, 14).

**I. Background**

On February 18, 2014, Ruben Roy and Carol G. Roy (collectively "Plaintiffs") filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana ("State Court"), naming as defendants Ardent Companies, Inc. ("Ardent"); Enterprise Products Operating, LLC ("Enterprise"); and Cyrus J. Guidry and Associates, LLC ("Guidry") (collectively, "Defendants"). Plaintiffs allege that on March 11, 2014, while working as an employee of Enterprise, Mr. Roy incurred personal injuries on an Enterprise platform located approximately 120 miles offshore on South Marsh Island, Block 205. (R. Doc. 1-1 at 1). Plaintiffs allege that while proceeding down a walkway on the platform, Mr. Roy tripped over electrical coils believed to have been placed on the walkway by Ardent, who was performing "various types of work, including electrical work" on the platform at the time of the accident. (R. Doc. 1-1 at 1-2). Plaintiffs claim that this accident resulted in injury to Mr. Roy's right knee, which has led to surgery and permanent arthritis. Plaintiffs further claim that this injury has "disable[ed] him from employment with Enterprise and any other employment." *Id*. Plaintiffs

1

also claim that Mrs. Roy "is entitled to damages for loss of consortium, service, and society as a result of the accident." (R. Doc. 1-1 at 3).

According to Plaintiffs, the accident was a result of the negligence of Ardent "in that it failed to keep its electrical coils on a spool and that it blocked a walkway by allowing loose coils to be placed in the walkway and that it created a hazard to pedestrians." (R. Doc. 1-1 at 2). In addition, Plaintiffs claim that Mr. Roy sustained injury as a result of an intentional action on the part of Enterprise "in that it knew of the coils in the walkway, and that it was substantially certain that a tripping action . . . would occur." *Id.* Plaintiffs also claim that Guidry "was an independent contractor whose duties included the duty to provide a safe place to work for employees of Enterprise" and that Guidry breached this duty by "failing to properly supervise the job being done by Ardent and in failing to make certain that the walkway was safe." *Id*.

On April 1, 2015 Enterprise removed the action. (R. Doc. 1). The removing defendant alleges two grounds for subject matter jurisdiction—43 U.S.C. § 1349(b) of the Outer Continental Shelf Lands Act ("OCSLA"), and, alternatively, 28 U.S.C. § 1331, in light of OCSLA's choice of law provision, 43 U.S.C. § 1333.

On April 20, 2014, Plaintiffs moved to remand their suit to state court. (R. Doc. 9).

## II. Arguments of the Parties

In support of remand, Plaintiffs assert that OCSLA's provisions hold that "the law applicable in this case is the law of the adjoining state, in this case, Louisiana." (R. Doc. 9-1 at 1). Plaintiffs do not dispute that this matter falls under OCSLA. However, according to Plaintiffs, "the only applicable law involved in this case is Louisiana state law, not federal law;" thus, there is no federal question jurisdiction. (R. Doc. 9-1 at 1-2).

2

In opposition, Defendants Enterprise and Guidry allege two separate grounds of federal subject matter jurisdiction. First, Defendants allege that jurisdiction exists under 43 U.S.C. § 1349 "because Plaintiff's claims arise out of his work on the Outer Continental Shelf." (R. Doc. 12 at 1). According to Defendants, the Outer Continental Shelf ("OCS") is an area of "exclusive federal jurisdiction." (R. Doc. 12 at 2). Defendants note that Plaintiffs' Motion to Remand fails to address the issue of whether or not jurisdiction exists under 43 U.S.C. § 1349. (R. Doc. 12 at 7).

Second, Defendants claim that, although "[t]he jurisdiction provided by 43 U.S.C. § 1349 is sufficient to warrant denial of Plaintiff's Motion to Remand," the court "also has federal question jurisdiction under 28 U.S.C. § 1331." (R. Doc. 12 at 4). According to Defendants, under 43 U.S.C. § 1333—OCSLA's choice of law provision—the laws of the United States are extended to the OCS and the laws of the adjacent state are applied as "surrogate federal law." (R. Doc. 12 at 4-5). Defendants argue that this provision has been misinterpreted by Plaintiffs, who believe that only state law is applicable in this matter. (R. Doc. 12 at 7).

### III. Law and Analysis

The purpose of OCSLA is to allocate to the federal government "jurisdiction, control, and power of disposition" over "the subsoil and seabed of the Outer Continental Shelf."[1] 43 U.S.C. § 1332(1). OCSLA grants federal courts jurisdiction over disputes that occur on the Outer Continental Shelf ("OCS"). *See* 43 U.S.C. § 1349(b)(1) ("[T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental

---

[1] The Outer Continental Shelf is defined to include all submerged lands lying seaward and three miles outside state waters, "and of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control." 43 U.S.C. §§ 1331(a), 1301(a).

3

Shelf, or which involves rights to such mineral, or (B) the cancellation, suspension, or termination of a lease or permit under this subchapter."); *see also* 43 U.S.C. § 1333(a)(1) ("The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom."); *Recar v. CNG Producing Co.*, 853 F.2d 367, 370 (5th Cir. 1988) (acknowledging that "OCSLA invests [a] district court with original federal jurisdiction."). The jurisdictional grant in OCSLA is interpreted broadly. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013); *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).

The well-pleaded complaint rule does not bar removal when jurisdiction exists under OCSLA, meaning that a "plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Barker*, 713 F.3d at 213 (citing *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988). The Fifth Circuit applies a "but for" test for determining whether a cause of action arises under OCSLA, which asks whether "(1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment. *Barker*, 713 F.3d at 213 (citing *Demette v. Falcon Drilling Co., Inc*., 280 F.3d 492, 496 (5th Cir. 2002); *Recar*, 853 F.2d at 369).

Under 43 U.S.C. § 1333(a)(2)(A), "the civil and criminal laws of each adjacent state . . . are declared to be the law for that portion of the subsoil and seabed of the Outer Continental Shelf." According to the Fifth Circuit, the language of OCSLA makes it clear that this law "was to be federal law of the United States, applying state law only as federal law and then only when

4

not inconsistent with applicable federal law." *Union Texas Petroleum Corp. v. PLT Engineering, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990). Thus, under OCSLA, state law is applied as "surrogate federal law" if three conditions are satisfied: "(1) The controversy must arise on a situs covered by OCSLA. (i.e. the subsoil, seabed, or artificial structure permanently or temporarily attached thereto). (2) Federal maritime law must not apply in its own force. (3) The state law must not be inconsistent with Federal law." *Id*.

Under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that the removal was proper. *Tenn. Gas Pipeline,* 87 F.3d at 152. Based on the undisputed facts, Defendants have satisfied their burden of establishing original subject matter jurisdiction under federal law. Plaintiffs allege that on March 11, 2014, Mr. Roy was an employee of Enterprise working on an Enterprise platform located approximately 120 miles offshore on South Marsh Island, Block 205. Plaintiffs allege that on the same date, Ardent was performing "various types of work, including electrical work" on the Enterprise platform. (R. Doc. 1-1 at 1-2). Plaintiffs allege that Mr. Roy incurred injuries after tripping over electrical coils placed across a walkway on the platform by Ardent. *Id.* Plaintiffs further allege that, at the time of the accident, Guidry "was an independent contractor whose duties included the duty to provide a safe place to work for employees of Enterprise." (R. Doc. 1-1 at 2). The Notice of Removal asserts that Plaintiffs' claims are related to an operation conducted on the OCS. (R. Doc. 1 at 2). Plaintiffs do not dispute that the incident occurred on an Enterprise platform which was located on the OCS, and in fact concede that the action is governed by OCSLA. (R. Doc. 9-1 at 1).

The only reasonable inference that can be drawn from these uncontested facts is that the case brought by the Plaintiffs is related to an operation conducted on the OCS which involves the exploration for and development of minerals, and that there would have been no alleged accident

5

causing the Mr. Roy's injury "but for" the Defendants conducting an operation on the OCS. *See Stevens v. Energy XXI GOM, LLC*, No. 11-154-BAJ-SCR, 2011 WL 2489998 (M.D. La. May 18, 2011) *report and recommendation adopted sub nom. Stevens v. Energy XXI (Bermuda), Ltd*, 2011 WL 2489991 (M.D. La. June 22, 2011); *see also Wells v. Abe's Boat Rentals Inc.*, No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (finding OCSLA jurisdiction where the case involved an operation conducted on the OCS that involved the exploration or production of minerals.").

Plaintiffs' only argument regarding why federal jurisdiction does not apply misinterprets the law, specifically OCSLA's choice of law provision found in 43 U.S.C. § 1333. Plaintiffs claim that, under OCSLA, the law of the adjoining state should apply and, therefore, federal jurisdiction is precluded. However, OCSLA makes it clear that the laws "of the United States" are extended to the OCS and that the laws of the state adjacent to the OCS apply only as "surrogate federal law." 43 U.S.C. § 1333(a). As stated above, the instant matter arose on an Enterprise platform, which is a "situs" covered by OCSLA. Accordingly, assuming that federal maritime law does not apply in its own force, and Louisiana law is not inconsistent with federal law, Louisiana law is only applicable in this action as "surrogate federal law." *Union Texas Petroleum Corp.*, 895 F.2d at 1047.

Therefore, based on the undisputed facts, the defendants have satisfied their burden of establishing original subject matter jurisdiction under federal law. Because the Defendants have established jurisdiction under OCSLA, neither the well-pleaded complaint rule nor the Plaintiffs' claim that federal law does not apply in this case, bar or limit the Defendants' right to remove this case under § 1441. *See Tenn. Gas Pipeline,* 87 F.3d at 152.

**IV.    Conclusion**

Defendants have met their burden of establishing subject matter jurisdiction. *See* 43 U.S.C. § 1349; 43 U.S.C. § 1333; and 28 U.S.C. § 1331.  The court need not decide to what extent Louisiana law may serve as "surrogate" federal law in this matter.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 5, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**